**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 24-4611**

―――――――――

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

TODD HOLLOWAY,

        Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Jacquelyn Denise Austin, District Judge.  (6:24-cr-00283-JDA-14)

―――――――――

Submitted:  September 26, 2025                 Decided:  October 28, 2025

―――――――――

Before WILKINSON, RICHARDSON, and RUSHING, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

**ON BRIEF:** Christopher R. Geel, GEEL & GENTRY, LLC, Charleston, South Carolina, for Appellant. Justin William Holloway, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Todd Holloway pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846. The district court granted Holloway's motion for a downward variance from the Sentencing Guidelines range, imposing a sentence of 26 months' imprisonment followed by three years of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal but questioning the validity of Holloway's guilty plea and the reasonableness of his sentence. Although Holloway was informed of his right to do so, he has not filed a pro se supplemental brief. For the following reasons, we affirm.

Because Holloway did not move to withdraw his plea or otherwise object to the plea hearing in the district court, we review the validity of Holloway's guilty plea for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). "Under the plain error standard, this Court will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). "In the Rule 11 context, this inquiry means that [the defendant] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *Sanya*, 774 F.3d at 816 (internal quotation marks omitted). A guilty plea is valid if the defendant voluntarily, knowingly, and intelligently pled guilty "with sufficient awareness of the relevant circumstances and likely

2

consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted).

Here, the district court conducted a thorough plea colloquy before accepting Holloway's guilty plea. The court ensured the plea was voluntary, explained the rights Holloway was giving up, discussed the possible consequences of pleading guilty, and ensured that a factual basis existed for the plea. The court determined that Holloway was competent and understood his plea agreement, and affirmed that he had discussed the plea agreement with his counsel and was satisfied with counsel's services. Therefore, we find there was no plain error that could have substantially affected Holloway's substantial rights and Holloway's guilty plea is valid.

We "review[] all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse of discretion standard." *United States v. Claybrooks*, 90 F.4th 248, 257 (4th Cir. 2024). We "first ensure that the district court committed no significant procedural error." *Gall v. United* States, 552 U.S. 38, at 51 (2007). "In determining procedural reasonableness, [we] consider[] whether the district court properly calculated the defendant's [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *United States v. Jackson*, 127 F. 4th 448, 454 (4th Cir. 2025) (internal quotation marks omitted). If the sentence is procedurally reasonable, we then consider the substantive reasonableness of the sentence, taking "into account the totality of the circumstances." *United States v. Notgrass*, 130 F.4th 129, 142 (4th Cir. 2025) (internal quotation marks omitted). We apply a presumption

3

of reasonableness to any sentence within or below a properly calculated Guidelines range. *Id.*

Here, the district court correctly calculated Holloway's Guidelines range and considered the § 3553(a) factors, including the nature and seriousness of the offense conduct, Holloway's role in the conspiracy, Holloway's age and lack of prior criminal history, and his acceptance of responsibility. Therefore, we conclude Holloway's sentence is procedurally reasonable. We further conclude that the 26-month sentence, a significant downward variance, is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Holloway, in writing, of the right to petition the Supreme Court of the United States for further review. If Holloway requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Holloway.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4